### FRIEDLAND v. NICHOLSBURG.

(Supreme Court, Appellate Term. June 5, 1908.)

1. LANDLORD AND TENANT—ATTORNMENT.

    A tenant having been notified that another was the lessee of premises, including those occupied by him, and having agreed to pay the rent to such person, the relation of landlord and tenant was established between them.

2. WITNESSES—EXAMINATION—LEADING QUESTION.

    A question asked a witness in summary proceedings, "In the presence of whom did—any conversation that you may have had with accredited representatives" of the landlord's lessor—did the landlord "come to you and question you relative to a bill?" was properly excluded as being incompetent and leading.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Summary proceedings by Koppel Friedland against Henry Nicholsburg. From a final order in the landlord's favor, the tenant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Thomas W. McKnight, for appellant.

Abr. A. Silberberg, for respondent.

PER CURIAM. The tenant, in his answer, claimed that he never hired from the alleged landlord, but did hire from the domestic cor-

poration of Silberburg & Saul, and that the. said corporation was indebted to him in a sum set forth in his answer for services. There. was evidence on behalf of the landlord that he had notified the tenant that he was the lessee of the whole premises, and asked him for rent, which the tenant said he would give him in a very few days. This attornment and promise to pay the rent established the relation of landlord and tenant.

The tenant excepted to the sustaining of an objection to the following question:

"Q. In the presence of whom did—any conversation that you may have had with accredited representatives of Silberburg & Saul—did Mr. Friedland the present landlord, come to you and question you relative to a bill?"

This question was objected to as incompetent, irrelevant, and leading, and was sustained, the court stating:

"You can ask the question in proper form. I will admit the question put in proper form."

But defendant's counsel asked no further questions. The question excluded was manifestly incompetent and leading.

There being evidence sufficient to justify a finding that the relation of landlord and tenant existed, the judgment and order should be affirmed, with costs.